**14 CV 8163**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of

MOBIL CERRO NEGRO, LTD.,
Shirley House, 50 Shirley St.,
Nassau, New Providence,
Commonwealth of the Bahamas

VENEZUELA HOLDINGS, B.V.,
Graaf Engelbertlaan 75, Breda, 4837 DS
Netherlands

MOBIL CERRO NEGRO HOLDING, LTD.,
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

MOBIL VENEZOLANA DE PETRÓLEOS HOLDINGS, INC., and
2711 Centerville Rd., Suite 400
Wilmington, Delaware 19808

MOBIL VENEZOLANA DE PETRÓLEOS, INC.
Shirley House, 50 Shirley St.,
Nassau, New Providence,
Commonwealth of the Bahamas

        Arbitration Award Creditors,

For Recognition and Enforcement of an Arbitration
Award

        - against -

BOLIVARIAN REPUBLIC OF VENEZUELA,

        Arbitration Award Debtor.

Civil Action No.



RECEIVED
OCT 10 2014
U.S.D.C. S.D. N.Y.
CASHIERS

---

### *EX PARTE* PETITION TO RECOGNIZE ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a

For its Petition, Plaintiffs Mobil Cerro Negro, Ltd., Venezuela Holdings, B.V., Mobil Cerro Negro Holding, Ltd., Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. (collectively the "ExxonMobil entities" or "Plaintiffs") state as follows:

## NATURE OF ACTION

1. This is an action to recognize an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of other States (the "ICSID Convention"), and to enter judgment thereon. The final arbitration award ("Final Award") was rendered in favor of the ExxonMobil entities against Defendant Bolivarian Republic of Venezuela ("Venezuela"), imposing pecuniary obligations in the amount of US$ 1,600,042,482 (plus interest) on October 9, 2014, following an arbitration conducted under the Rules of Arbitration of the International Centre for Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/07/27 (the "ICSID Arbitration"). A certified copy of the original Final Award is attached as Exhibit 1 to the Declaration of Evan Glassman ("Glassman Declaration"), which is filed herewith.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 22 U.S.C. § 1650a(b). As provided in Section 1650a(a), the "obligations imposed by [the Final Award] . . . [shall] be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a) (Glassman Decl., Ex. 2).

3. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1330 because this action is a nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a) on a

claim for judgment with respect to which the foreign state is not entitled to immunity pursuant to 28 U.S.C. § 1610(a)(1) and (6).

4. Moreover, the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1–307) does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a) (Glassman Decl., Ex. 2). Therefore, the ExxonMobil entities are not required to meet the FAA's jurisdictional requirements.

5. Pursuant to 22 U.S.C. § 1650a and CPLR Article 54, *ex parte* recognition is appropriate here. Section 1650a of Title 22 of the United States Code provides that an ICSID award should be recognized as if it were a final judgment of a state court. Recognition of a state court judgment is a clerical function that does not require notice until after a judgment has been entered. *See Siag v. The Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. June 19, 2009). Moreover, in the Second Circuit, district courts registering an out-of-state judgment apply Article 54 of the CPLR, which also does not require advance notice to the debtor. *See Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857 (2d Cir. 1987). Rather, Plaintiffs only are required to provide notice of the ***entry of a judgment***, which is to be provided within thirty (30) days ***after*** judgment is entered pursuant to a petition for recognition of an arbitration award. C.P.L.R. § 5403. The ExxonMobil entities intend to provide such timely notice.

## THE PARTIES

6. Plaintiff Mobil Cerro Negro, Ltd. is Bahamian company.

7. Plaintiff Venezuela Holdings, B.V. is a Dutch company.

8. Plaintiff Mobil Cerro Negro Holding, Ltd. is a Delaware company.

9. Plaintiff Mobil Venezolana de Petróleos Holdings, Inc. is a Delaware company.

10. Plantiff Mobil Venezolana de Petróleos, Inc., is a Bahamian company.

3

11. Defendant is the Bolivarian Republic of Venezuela. Venezuela signed the ICSID Convention on August 18, 1993 and deposited its instrument of ratification on May 2, 1995. The Convention entered into force for Venezuela on June 1, 1995. On January 24, 2012, the depositary received a written notice of Venezuela's denunciation of the Convention. In accordance with Article 71 of the ICSID Convention, the denunciation took effect six months after the receipt of the notice, on July 25, 2012. But all rights and obligations of Venezuela that were at issue in the ICSID arbitration, and which are sought to be recognized hereby, arose before Venezuela's denunciation took effect, and are therefore subject to the jurisdiction of ICSID and this Court. *See* ICSID Convention, Art. 72 ("Notice [of denunciation] by a Contracting State . . . shall not affect the rights or obligations under this Convention . . . arising out of consent to the jurisdiction of the Centre given by one of them before such notice was received by the depositary."). Venezuela was represented by counsel and actively participated in the ICSID arbitration.

## THE AWARD

12. On September 6, 2007, Plaintiffs filed a Request for Arbitration with ICSID against Venezuela, ICSID Case No. ARB/07/27. The subject matter of the arbitration dealt with expropriation of two separate investment projects in Venezuela.

13. The Request for Arbitration was officially registered on October 10, 2007. The arbitral tribunal was constituted on August 8, 2008, and held its first session on November 7, 2008. The tribunal convened a hearing in Paris, France, at which testimony and arguments relating to the jurisdictional issues were heard on September 23-24, 2009. On June 10, 2010, the tribunal issued its Decision on Jurisdiction. In that decision, the tribunal held that it had jurisdiction over the claims presented by Plaintiffs based on breaches of the Netherlands-Venezuela bilateral investment treaty

and relating to disputes arising after February 21, 2006, for the Cerro Negro Project (in which Mobil Cerro Negro, Ltd., a wholly-owned subsidiary of Dutch enterprise Venezuela Holdings, B.V., was a participant), and after November 23, 2006 for the La Ceiba Project (in which Mobil Venezolana de Petróleos, Inc., another wholly-owned subsidiary of Venezuela Holdings, B.V., was a participant).

14. Plaintiffs and Venezuela filed their respective submissions on the merits in 2010 and 2011. The ICSID tribunal convened a hearing in Paris at which testimony and arguments relating to the merits of the case were heard on February 7-16, 2012. Both parties submitted post-hearing briefs in April and May 2012. On July 28, 2014, the ICSID tribunal notified the parties that the proceeding was closed in accordance with Rule 38(1) of the ICSID Arbitration Rules, signifying that the ICSID tribunal sought no further submissions from the parties

15. On October 9, 2014, the ICSID tribunal issued a final award in Plaintiffs' favor in the amount of US$ 1,600,042,482 (plus interest). The amount consists of US$ 9,042,482 in compensation for the production and export curtailments imposed on the Cerro Negro Project, US$ 1,411,700,000 in compensation for the expropriation of investments in the Cerro Negro Project, and US$ 179,300,000 in compensation for the expropriation of investments in the La Ceiba Project, plus annual compound interest on all sums at the rate of 3.25% from June 27, 2007 until payment in full.

16. The tribunal found that Venezuela expropriated Plaintiffs' property and, therefore, was required to pay just compensation to Plaintiffs.

17. Consistent with Article 54(2) of the ICSID Convention, Plaintiffs include herewith a certified copy of the Award as Exhibit 1 to the Glassman Declaration. *See* ICSID Convention, Art. 54(2) ("A party seeking recognition or enforcement in the territories of a

Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General.").

18. The United States is a party to the ICSID Convention and is therefore obliged to recognize and enforce the pecuniary obligations imposed by the Award as if it were a final judgment of a court of the United States. This obligation is set out in 22 U.S.C. § 1650a(a)–(b), which provides in relevant part:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy.

22 U.S.C. § 1650a (Glassman Decl., Ex. 2).

## COUNT I
## FOR RECOGNITION OF ARBITRATION
## AWARD PURSUANT TO 22 U.S.C § 1650A

19. Plaintiffs restate and incorporate all the foregoing paragraphs of the Petition as if set forth fully herein.

20. The Final Award was issued pursuant to the ICSID Convention because the Netherlands and Venezuela were both signatories to the ICSID Convention when the parties provided their consent to submit the dispute to ICSID Arbitration. Glassman Decl., Ex. 4 (list of contracting states). Also, Venezuela fully participated in all aspects of the ICSID Arbitration.

21. The United States is a signatory to the ICSID Convention. Awards issued pursuant to the ICSID Convention are subject to automatic recognition and enforcement in the United States under 22 U.S.C. § 1650a.

22. An arbitration award under the ICSID Convention has been issued in Plaintiffs' favor.

23. Accordingly, the ExxonMobil entities are entitled to an order recognizing such arbitral award as a judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and entering judgment thereon in the amount of US$ 1,600,042,482 plus interest on this amount at a rate of 3.25 percent from June 27, 2007 until payment of these sums has been made in full.

**PRAYER FOR RELIEF**

WHEREFORE, the ExxonMobil entities respectfully request that the Court enter judgment in favor of the ExxonMobil entities and against Defendant Venezuela and request the following relief:

   a. Ordering that the pecuniary obligations in the Final Award in favor of the ExxonMobil entities and against Venezuela be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Final Award were a final judgment of this Court, as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention; and

   b. Ordering that, in accordance with the pecuniary obligations contained in the Final Award, Venezuela shall pay to Plaintiffs the sum of ONE BILLION SIX HUNDRED MILLION FORTY TWO THOUSAND FOUR HUNDRED EIGHTY TWO DOLLARS (US$ 1,600,042,482), together with post-Final Award annual compound interest as provided in

the Final Award at a rate of 3.25% from June 27, 2007 up to the date when payment has been made in full.

Dated: New York, New York
October 10, 2014

Respectfully submitted,

_____
Steven K. Davidson*
Michael J. Baratz*
Jeffrey M. Theodore*
Jared R. Butcher*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
* *pro hac vice* applications will be submitted

Of Counsel:
Eugene J. Silva II
Law Department
EXXON MOBIL CORPORATION
800 Bell Street
Houston, Texas 77002
Tel: (713) 656-3636
Fax: (713) 656-3496

Evan Glassman
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950

*Counsel for Plaintiffs*