THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
In the Matter of the Application of                                      :
                                                                         :
MOBIL CERRO NEGRO, LTD., *et al.*,                                       :
                                                                         :
                Arbitration Award Creditors, :
                                                                         :
For Recognition and Enforcement of an Arbitration Award                  :
                                                                         :   Case No. 14 CV 8163 (PAE)
                - against -              :
                                                                         :
BOLIVARIAN REPUBLIC OF VENEZUELA,                                        :
                                                                         :
                Arbitration Award Debtor. :
------------------------------------------------------------------------ X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO VACATE *EX PARTE* ORDER AND JUDGMENT

Dated: November 24, 2014

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Defendant the
Bolivarian Republic of Venezuela*

## TABLE OF CONTENTS

**Page #**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.    FEDERAL LAW PROVIDES FOR THE ENFORCEMENT OF AN ICSID AWARD THROUGH A PLENARY ACTION ................................................................. 2

II.   THE FSIA MUST BE APPLIED IN ANY ACTION TO ENFORCE AN ICSID AWARD WHERE, AS HERE, THE AWARD DEBTOR IS A FOREIGN STATE ........... 6

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Caruso v. Perlow*,
  440 F. Supp. 2d 117 (D. Conn. 2006) .................................................................................. 3

*City of N.Y. v. Mickalis Pawn Shop*,
  645 F.3d 114 (2d Cir. 2011) ................................................................................................ 7

*Continental Casualty Co. v. Argentine Republic*,
  893 F. Supp. 2d 747 (E.D. Va. 2012) .............................................................................. 3, 4

*Finamar Investors Inc. v. Republic of Tadjikistan*,
  889 F. Supp. 114 (S.D.N.Y. 1995) ...................................................................................... 9

*Funnekotter v. Republic of Zimbabwe*,
  No. 09 Civ. 8168, 2011 WL 666227 (S.D.N.Y. Feb. 10, 2011) .................................. 5, 6, 9

*MCI Telecommunications Corp. v. Alhadhood*,
  82 F.3d 658 (5th Cir. 1996) ................................................................................................. 8

*Saudi Arabia v. Nelson*,
  507 U.S. 349 (1993) ............................................................................................................ 6

*Siag v. Arab Republic of Egypt*,
  No. M-82, 2009 WL 1834562 (S.D.N.Y. Jun. 19, 2009) .................................................... 5

*Smith v. Robinson*,
  468 U.S. 992 (1984) ............................................................................................................ 7

*Threlkeld v. Tucker*,
  496 F.2d 1101 (9th Cir. 1974) ............................................................................................. 3

*Trans Commodities, Inc. v. Kazakstan Trading House*,
  No. 96 CIV. 9782, 1997 WL 811474 (S.D.N.Y. May 28, 1997) ......................................... 9

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
  30 F.3d 148 (D.C. Cir. 1994) .......................................................................................... 8, 9

*United States v. Potter*,
  19 F.R.D. 89 (S.D.N.Y. 1956) ............................................................................................. 3

*Verlinden B.V. v. Cent. Bank of Nigeria*,
  461 U.S. 480 (1983) ............................................................................................................ 8

*Walters v. Indus. & Commercial Bank of China, Ltd.*,
  651 F.3d 280 (2d Cir. 2011) ................................................................................................ 8

**Statutes**

22 U.S.C. § 1650a ...................................................................................................... passim

28 U.S.C. § 1602 ............................................................................................................ 1, 7

28 U.S.C. § 1608 ................................................................................................ 6, 8, 9, 10

28 U.S.C. § 1610 ......................................................................................................... 8, 10

28 U.S.C. 1391 .................................................................................................................... 10

CPLR § 5402 ................................................................................................................ 2, 6, 9

CPLR § 5403 ....................................................................................................................... 9

Va. Code Ann. § 8.01-465 .................................................................................................. 4

**Legislative History**

*Convention on the Settlement of Investment Disputes: Hearing before the Subcomm. on Int'l Orgs. & Movement of the H. Comm. On Foreign Affairs*, 89th Cong. 2d Sess. 11 (1966) ............................................................................................................................. 3, 6

H.R. REP. 94-1487 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604 ........................... 3, 7, 9

**Federal Rules**

Fed. R. Civ. P. 60(b) ........................................................................................................... 1

Fed. R. Civ. P. 69 ................................................................................................................ 3

**Treaties**

Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270 (entered into force Oct. 14, 1966) .............. passim

**Other Authorities**

12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3011 (3d ed. 2014) ............................................................................................................................ 3

50 C.J.S. Judgments § 1364 (2012) .................................................................................... 4

Defendant Bolivarian Republic of Venezuela (the "Republic") respectfully submits this reply memorandum in support of its motion pursuant to Fed. R. Civ. P. 60(b) to vacate the *Ex Parte* Order and Judgment, dated October 10, 2014 (the "October 10 Order and Judgment").

## PRELIMINARY STATEMENT

Plaintiffs' attempt to justify their use of the CPLR to obtain an *ex parte* judgment against a foreign state by asserting that there is a "gap" in the federal procedure with regard to the enforcement of ICSID awards and that the enforcement of an ICSID award would become unnecessarily complicated and prolonged if a prevailing party were forced to institute a plenary action.  Neither argument has merit and neither argument can explain how a party can obtain a judgment against a foreign state and ignore the requirements of the only statute pursuant to which the court can acquire jurisdiction over that foreign sovereign, *i.e.*, the Foreign Sovereign Immunity Act, 28 U.S.C. §§ 1602, *et seq*. (the "FSIA").

First, there is no "gap" in the federal procedure.  An ICSID award is to be enforced in a federal court as a state court judgment and the procedure in such cases is the commencement of a plenary action.  Where, as here, the award debtor is a foreign state, the procedures that must be followed in that plenary action are found in the FSIA.  Second, there is no statute, case law or authority of any kind that even remotely suggests that the exclusive application of the FSIA can be trumped by the CPLR in the interests of simplicity and speed. Furthermore, Plaintiffs' purported fear of delay rings hollow in light of the fact that they do not even have an enforceable award.  Plaintiffs have been less than forthright by failing to make

clear to this Court that, in fact, ICSID has stayed enforcement of the Award in light of the Republic's application for revision.[1]

It is axiomatic that a court cannot render a valid judgment when it lacks jurisdiction. And it is equally clear that a court can only acquire jurisdiction over a foreign sovereign through the procedures and provisions of the FSIA. It cannot acquire that jurisdiction under the CPLR and it cannot acquire that jurisdiction under 22 U.S.C. § 1650a. Plaintiffs' *ex parte* judgment is a nullity and must be vacated.

## ARGUMENT

### I. FEDERAL LAW PROVIDES FOR THE ENFORCEMENT OF AN ICSID AWARD THROUGH A PLENARY ACTION

Plaintiffs' entire opposition is dependent upon their erroneous assertion that there is a "gap" in the federal procedure for enforcement of ICSID awards and that this Court may therefore look to New York state law, specifically CPLR § 5402. Opp'n at 3, 6-10, 17. Plaintiffs are simply wrong. There is no procedural "gap." Indeed, Section 1650a provides that ICSID awards are to be enforced in the federal courts and that the awards are to be treated by the federal courts as if they were state court judgments. And state court judgments are enforced in federal courts through the commencement of a plenary action.

The ICSID Convention states: "A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of *the courts of a constituent state*." ICSID Convention, art. 54(1) (emphasis added). This language was added to the Convention at the insistence of the United States, because it wanted to ensure the consistent enforcement of ICSID

---

[1] *See* Exhibit A to the Supplemental Declaration of Joseph D. Pizzurro, dated November 21, 2014.

awards through the commencement of a plenary action in federal court.[2]  Consistent with that approach, the Convention's implementing statute, 22 U.S.C. § 1650a, grants federal courts exclusive jurisdiction to enforce ICSID awards and expressly states that such awards "shall be enforced … as if the award were a final judgment of *a court of general jurisdiction of one of the several States*." 22 U.S.C. § 1650a(a) (emphasis added).  The only procedure available to enforce a state court judgment in federal court is to commence a plenary action on the judgment with its attendant requisites of jurisdiction, service and venue.[3]  *See Caruso v. Perlow*, 440 F. Supp. 2d 117, 119 (D. Conn. 2006); *see also Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir. 1974); ("Inasmuch as the federal courts are not appendages of the state courts, a federal court cannot enforce a state-court judgment without first independently establishing its own jurisdiction over the subject matter and parties."); *Continental Casualty Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012) (finding ICSID award must be enforced through a suit on the award as a debt).

*Continental Casualty* is directly on point.  In that case, the court held that, by enacting Section 1650a, "Congress mandated that the proper method of enforcement of an ICSID arbitral award is the same as enforcement of a state court judgment, which is a suit on the

---

[2] "Article 54(1) of the convention provides that a contracting state that is a federal state may meet its enforcement obligations through its federal courts.  The United States suggested this provision in order to be able to provide in the United States for a uniform procedure for enforcement of awards rendered pursuant to the convention." *Convention on the Settlement of Investment Disputes: Hearing before the Subcomm. on Int'l Orgs. & Movement of the H. Comm. On Foreign Affairs*, 89th Cong. 2d Sess. 11 (1966) (statement by Andreas Lowenfeld, Dep. Legal Adv., Dept. of State) ("*Hearing of the House Subcomm.*").  A copy of the *Hearing of the House Subcomm.* is attached as Exhibit 2 to the Declaration of Joseph D. Pizzurro, dated October 14, 2014 (the "Pizzurro Decl.").

[3] Plaintiffs do not cite any cases in which a federal court enforced a state court judgment *ex parte*.  Instead, Plaintiffs argue that Fed. R. Civ. P. 69 permits the application of state law *ex parte* procedures for enforcing judgments because there is no federal interest requiring uniformity.  Opp'n at 10.  However, the FSIA and Section 1650a indisputably express a strong federal policy of protecting foreign states from being subjected to the vagaries of state procedural laws.  *See* 22 U.S.C. § 1650a; *see also* H.R. REP. 94-1487, at 13 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6612 (stating uniformity in decisions was a desired goal of the FSIA).  Moreover, it is well-established that Rule 69 applies only to the execution of *federal* court judgments and not *state* court judgments.  *See United States v. Potter*, 19 F.R.D. 89, 89 (S.D.N.Y. 1956); *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3011 at 141 (3d ed. 2014) ("Rule 69 has no application to state-court judgments.").  Because Section 1650a requires ICSID awards to be treated as state court judgments, Rule 69 does not apply here.

judgment as a debt." *Continental Casualty*, 893 F. Supp. 2d at 754. The case makes clear that there is no procedural "gap" in the statutory scheme for the enforcement of ICSID awards. Moreover, *Continental Casualty* confirmed that ICSID awards are not to be treated as *federal* court judgments and are therefore excluded from *ex parte* registration under 28 U.S.C. § 1963. *Id.* at 753. The court reasoned that enforcement of an ICSID award cannot proceed *ex parte*, but rather must follow the same necessary steps to enforce a state court judgment, *i.e.*, the commencement of a plenary action. *Id.* ("it is only by an action on such a [state court] judgment that it can be enforced in another jurisdiction") (*quoting* 50 C.J.S. Judgments § 1364 (2012)); *see also Caruso*, 440 F. Supp. 2d at 119 ("where, as here, a party has not properly filed a civil action on the state-court judgment, a federal court has no authority to borrow Connecticut's registration shortcut for foreign state-court judgments").

Plaintiffs' attempt to distinguish *Continental Casualty* is unavailing. Plaintiffs contend that *Continental Casualty* did not address the propriety of enforcing an ICSID award *ex parte* simply because that court did not use the magic words "*ex parte*." Opp'n at 16. However, the court made clear that an ICSID award could not be enforced through the *ex parte* registration procedures provided under 28 U.S.C. § 1963 and Va. Code Ann. § 8.01-465, holding that Section 1650a instead mandates a suit on the judgment as a debt as the proper procedure for enforcing an ICSID award. 893 F. Supp. 2d at 753-54. Plaintiffs also argue that, unlike in *Continental Casualty*, they were not obligated to comply with any notice, jurisdiction or venue requirements because they were merely seeking to "recognize" the ICSID award and not to enforce it. Opp'n at 4. But the court in *Continental Casualty* rejected that same distinction between enforcement of an ICSID award on the one hand and recognition and confirmation of the award on the other and ultimately dismissed the case for improper venue. 893 F. Supp. 2d at 752, 754; *see also*

*Funnekotter v. Republic of Zimbabwe*, No. 09 Civ. 8168, 2011 WL 666227, at *3 (S.D.N.Y. Feb. 10, 2011) (denying petition to enter judgment on an ICSID award against a foreign state defendant that was not properly served in accordance with the FSIA).

Plaintiffs also attempt to distinguish *Caruso* on the grounds that *Caruso* dealt with an attempt to enforce a state court judgment and not an ICSID award. But the fact that *Caruso* involved the enforcement of a state court judgment in federal court is precisely why that case is on point. Section 1650a(a) requires federal courts to enforce ICSID awards as though they were state court judgments.

Plaintiffs rely on *Siag v. Arab Republic of Egypt*, No. M-82, 2009 WL 1834562 (S.D.N.Y. Jun. 19, 2009) as their sole authority for the *ex parte* enforcement of an ICSID award and assert erroneously that the court in that case considered, and rejected, the same arguments made by the Republic here.[4] Opp'n at 4. In fact, it did not. And the court in *Siag* did not address the single most important issue in this case – that the issuance of an *ex parte* judgment against a foreign sovereign violates the FSIA. The anomalous result in *Siag* is no doubt the result of the fact that the only argument before the court was set forth in the plaintiffs' unopposed brief, which (1) failed to apprise the court of the governing procedures and requirements under the FSIA and (2) misrepresented that Section 1650a requires courts to treat ICSID awards as *federal* court judgments. Accordingly, *Siag* has little, if any, precedential value and, in any event, is irrelevant to this Court's analysis of the only statute that confers jurisdiction in this case – the FSIA.

---

[4] Plaintiffs also cite three threadbare *ex parte* orders entering judgment on ICSID awards as rejecting the proposition that a plenary action was required. *See* Opp'n at 6. However, none of these orders considered the requirements of the FSIA or addressed the need for a plenary action. Nor do they cite *Siag* or Article 54 of the CPLR. In fact, all three of these orders appear to be nothing more than proposed orders that were drafted by counsel and executed by the court without any analysis or the benefit of argument. These orders have no precedential value and should be disregarded.

## II. THE FSIA MUST BE APPLIED IN ANY ACTION TO ENFORCE AN ICSID AWARD WHERE, AS HERE, THE AWARD DEBTOR IS A FOREIGN STATE

The ICSID Convention itself provides for the application by member states of their own foreign sovereign immunity regimes in any enforcement proceedings relating to an ICSID award. Article 55 of the ICSID Convention specifically states:

> Nothing in Article 54 shall be construed as derogating from the law in force in any Contracting State relating to the immunity of that State or of any foreign state from execution.

In the United States, the law relating to foreign state immunity is the FSIA, which "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (citation omitted). Plaintiffs' assertion that in enforcing an ICSID award a judgment can be rendered against a foreign state under CPLR § 5402 without complying with any of the procedural and jurisdictional requirements of the FSIA not only lacks any authority, it is patently inconsistent with Article 55 of the ICSID Convention which points the Court to United States law on foreign sovereign immunity, *i.e.*, the FSIA, in proceedings to enforce an ICSID award.[5] Opp'n at 20. Simply put, absent strict compliance with the FSIA's requirements, a court lacks jurisdiction to enter judgment against the foreign state on an ICSID award. *See Funnekotter*, 2011 WL 666227, at *3 ("Without proper service [under 28 U.S.C. § 1608], the Court does not have personal jurisdiction over the Reserve Bank of Zimbabwe" to enter judgment on an ICSID award against it); *see also*

---

[5] As explained by Andreas Lowenfeld, Deputy Legal Advisor for the State Department, in his testimony before Congress in support of the adoption of the ICSID Convention and the enactment of Section 1650a:

> Basically, what this convention says is that the district court shall have jurisdiction of the subject matter. **As to whether it has jurisdiction over a party, there is nothing in the convention that will change the defense of sovereign immunity.** If somebody want to sue Jersey Standard in the United States, on an award, no problem. If somebody wants to sue Peru or the Peruvian Oil Institute, why it would depend on whether in the particular case that entity would or would not be entitled to sovereign immunity.

*Hearing of the House Subcomm.*, Pizzurro Decl., Ex. 2 at p. 57 (emphasis added).

*City of N.Y. v. Mickalis Pawn Shop*, 645 F.3d 114, 138 (2d Cir. 2011) (a judgment is void "if the Court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process").

In enacting the FSIA, Congress created a comprehensive, uniform and exclusive jurisdictional scheme that applies in every case involving a foreign sovereign defendant. *See* H.R. REP. 94-1487, at 13 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6612 ("[The FSIA] provides a comprehensive jurisdictional scheme in cases involving foreign states. Such broad jurisdiction in the Federal courts should be conducive to uniformity in decision, which is desirable since a disparate treatment of cases involving foreign governments may have adverse foreign relations consequences."). Congress intended the FSIA to preempt any federal or state jurisdictional statutes in such cases. *See id.* at 12 (the FSIA "is intended to preempt any other State or Federal law … for according immunity to foreign sovereigns"); 28 U.S.C. § 1602. Furthermore, the FSIA was enacted after Section 1650a and, as Plaintiffs acknowledge, Congress is presumed to have enacted such legislation with full knowledge of the existing legal landscape. Opp'n at 18. And despite its awareness of Section 1650a, Congress did not exclude an action to enforce an ICSID award from the FSIA's exclusive jurisdictional and procedural requirements.[6]

In addition, the provisions of the FSIA demonstrate a strong federal policy of protecting foreign states from being subjected to *ex parte* judgments. The FSIA's strict requirements and procedures for obtaining a default judgment against a foreign state are

---

[6] If Plaintiffs were correct in their assertion that a plenary action to enforce an ICSID award under Section 1650a is unnecessary, even where the defendant is a foreign state, it would create a conflict between Section 1650a and the FSIA, which is the exclusive grant of subject matter and personal jurisdiction in actions involving a foreign state. However, any such conflict is easily avoided by recognizing that, in fact, Section 1650a does require the institution of a plenary action to enforce an ICSID award and, where the defendant is a foreign state, the FSIA's provisions apply in that action. It is the obligation of the Court to interpret Section 1650a to avoid this irreconcilable conflict. *See Smith v. Robinson*, 468 U.S. 992, 1024 (1984) ("conflicting statutes should be interpreted so as to give effect to each but to allow a later enacted, more specific statute to amend an earlier, more general statute only to the extent of the repugnancy between the two statutes").

instructive.  Before any default judgment can be entered against a foreign state, the FSIA imposes a duty on the court under 28 U.S.C. § 1608(e) to determine whether the plaintiff has met its burden of establishing the court's jurisdiction and the defendant's liability.  *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 287 (2d Cir. 2011) ("even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the FSIA") (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 n. 20 (1983)); *see also MCI Telecommunications Corp. v. Alhadhood*, 82 F.3d 658, 662 (5th Cir. 1996) ("section 1608(e) of the FSIA, which requires the court to satisfy itself that jurisdiction exists prior to entering a default judgment").  The FSIA requires that the plaintiff then serve a copy of the default judgment on the sovereign defendant in accordance with the service provisions of Section 1608(a).  28 U.S.C. § 1608(e).  Thereafter, execution on the default judgment cannot commence until the plaintiff obtains an order from the court concluding that a "reasonable period of time has elapsed" since the Section 1608(e) notice was given.  28 U.S.C. § 1610(c).  The FSIA's requirements of notice and independent judicial review evince a legislative intent to provide for a thorough review prior to the entry and execution of judgments even in cases where a sovereign defendant does not appear.  These procedural requirements are simply incompatible with the concept of entering an *ex parte* judgment against a foreign state under any circumstances.

       Furthermore, contrary to Plaintiffs' assertions (Opp'n at 20-22), the supremacy of the FSIA precludes the application of the notice procedures provided in Article 54 of the CPLR and mandates compliance with Section 1608(a), which "sets forth the exclusive procedures for service on a foreign state."  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (quoting H.R. REP. 94-1487, at 23 (1976), *reprinted in* 1976 U.S.C.C.A.N.

6604, 6622). Plaintiffs argue that CPLR §§ 5402 and 5403 merely require them to provide actual notice to the Republic, which they contend was satisfied by serving the Republic's attorneys. Opp'n at 22 n.15. But actual notice is not sufficient to properly serve a foreign state under Section 1608(a) and courts require strict conformity to the FSIA's provisions where, as here, the defendant is the foreign state itself. *See Transaero*, 30 F.3d at 154; *see also Finamar Investors Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 117 (S.D.N.Y. 1995) ("The absence of a reference to actual notice in § 1608(a), and the Congressional caution that the statute's procedures constitute the exclusive methods of service, mandate strict adherence to its terms, not merely substantial compliance."); *Trans Commodities, Inc. v. Kazakstan Trading House*, No. 96 CIV. 9782, 1997 WL 811474, at *4 (S.D.N.Y. May 28, 1997) ("whether Kazakstan received actual notice of the suit is irrelevant" under Section 1608(a)); *Funnekotter*, 2011 WL 666227, at *3 (court declined to enter judgment on an ICSID award against a sovereign defendant where that defendant was not properly served in accordance with Section 1608). The notice procedures under CPLR §§ 5402 and 5403 are simply irrelevant.

Ultimately, the only justification that Plaintiffs' give for ignoring the FSIA is the supposed need for simplicity and expediency in enforcing their Award. However, Plaintiffs cite no authority that even suggests that the FSIA must give way to the interests of efficiency. Nor could they. The statute, its legislative history and case law all make clear that the FSIA requires strict compliance with its rigorous procedural safeguards in order to proceed against a foreign state. Plaintiffs' argument that a plenary action would unreasonably delay their efforts to enforce their ICSID award is meritless. Indeed, even if Plaintiffs could seek to enforce the October 10 Order and Judgment, which they cannot given the ICSID order staying enforcement, they would still be required to satisfy several procedural and jurisdictional requirements under the FSIA,

including service of a Section 1608(e) notice and obtaining an order of the court concluding that a "reasonable period of time has elapsed" since the delivery of that notice.  28 U.S.C. § 1610(c).

In short, Plaintiffs are required to enforce their ICSID award through the institution of a plenary action and that action must comply with all of the procedural requirements of the FSIA, including service of process and venue.[7]  Unless the FSIA is applied, this Court lacks jurisdiction and thus the power to issue any judgment.

## CONCLUSION

For the reasons set forth herein, the October 10 Order and Judgment is void and should be vacated by this Court.

Dated: New York, New York
       November 24, 2014

>                                     Respectfully submitted,
>
>                                     CURTIS, MALLET-PREVOST, COLT &
>                                       MOSLE LLP
>
>                                     By:   /s/ Joseph D. Pizzurro
>                                           Joseph D. Pizzurro
>                                           Kevin A. Meehan
>                                           Juan O. Perla
>                                     101 Park Avenue
>                                     New York, New York 10178
>                                     Tel: (212) 696-6000
>                                     Fax: (212) 697-1559
>
>                                     *Attorneys for Defendant the Bolivarian Republic of Venezuela*

---

[7] Here, venue is improper because the underlying dispute in this case has no connection to this District as required under the FSIA's venue provision, 28 U.S.C. 1391(f).