# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of

SEMPRA ENERGY INTERNATIONAL,

    Arbitration Award Creditor,

For Recognition and Enforcement of an Arbitration Award

    - against -

ARGENTINE REPUBLIC,

    Arbitration Award Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. M-82

**ORDER AND JUDGMENT**

    On reading the Affidavit of C. MacNeil Mitchell, sworn to on November 14, 2007; and Exhibit "1" thereto, being a certified copy of the Award in Case No. ARB/02/16 (the "Award") issued by an arbitral tribunal duly convened and constituted under the Bilateral Investment Treaty between Argentina and the United States, which came into force on October 20, 1994 (the "US-Argentina BIT") and the Convention On The Settlement Of Investment Disputes Between States And Nationals Of Other States, which came into force on October 14, 1966 ("ICSID Convention"), which Award was issued on September 28, 2007; and it appearing that Arbitration Award Creditor, Sempra Energy International ("Sempra"), is entitled to immediate recognition and enforcement of the pecuniary obligations of the Award in its favor in accordance with the

provisions of Articles 53 and 54 of Section 6 of the ICSID Convention, as enabled by 22 U.S.C. §1650a;

Now upon the motion of Winston & Strawn LLP, attorneys for Sempra, it is

ORDERED that the annexed pecuniary obligations in the Award in favor of Sempra and against Arbitration Award Debtor, Argentine Republic ("Argentina"), be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Award were a final judgment of this Court; and it is further

ORDERED, ADJUDGED and DECREED that, in accordance with the pecuniary obligations contained in the aforementioned Award, Arbitration Award Creditor, Sempra Energy International, do recover from Arbitration Award Debtor, Argentine Republic, the principal sum of ONE HUNDRED TWENTY EIGHT MILLION TWO HUNDRED FIFTY THOUSAND FOUR HUNDRED SIXTY-TWO and 00/100 DOLLARS and ($128,250,462.00), together with pre-Award interest as provided in the Award at the six month successive LIBOR rate plus two percent for each year, or proportion thereof, beginning on January 1, 2002 up to and until September 28, 2007, the date the Award was rendered, constituting pre-Award interest of $44,887,661.70, amounting in all to the total Award sum of $173,138,123.70, ~~together with post-Award pre-judgment interest on such Award sum from September 28, 2007 until the date of this Order and Judgment in the amount of $_____, making a total judgment amount of $_____~~, with post-judgment interest on the said judgment amount thereafter until payment in full, in accordance with 28 U.S.C. § 1961, and that Sempra have immediate execution therefore without regard to the 10-day stay contained in Rule 62(a) Fed. R. Civ. P.; and it is further

ORDERED, ADJUDGED and DECREED that this judgment may be supplemented on motion supported by an affidavit to the extent that Argentina should incur additional pecuniary obligations as contemplated on page 139, ¶ 2 of the Award.

Dated: New York, New York
November 14, 2007

_____
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In the Matter of the Application of | No. M-82 |
| SEMPRA ENERGY INTERNATIONAL, | **AFFIDAVIT OF** |
| Arbitration Award Creditor, | **C. MACNEIL MITCHELL** |
| For Recognition and Enforcement of an Arbitration Award | |
| - against - | |
| ARGENTINE REPUBLIC, | |
| Arbitration Award Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK)

C. MacNEIL MITCHELL, being duly sworn, deposes and says:

1.   I am an attorney at law duly admitted to practice in the State courts of the State of New York and in the U.S. District Court for the Southern District of New York. I am a member of the firm of Winston & Strawn LLP, attorneys for Arbitration Award Creditor, Sempra Energy International ("Sempra"). I make this affidavit for the purpose of securing the entry of judgment in this District in favor of Sempra against Arbitration Award Debtor, Argentine Republic ("Argentina"), on the arbitration award in Case No. ARB/02/16 rendered on September 28, 2007 (the "Award") by a tribunal (the "Tribunal") duly convened and constituted under the Bilateral Investment Treaty between Argentina and the United States, which came into force on October

20, 1994 (the "US-Argentina BIT") and the Convention On The Settlement Of Investment Disputes Between States And Nationals Of Other States, which came into force on October 14, 1966 ("ICSID Convention").

2. Submitted herewith as Exhibit "1" is an English language copy of the Award certified by the Secretary-General of the International Centre for Settlement of Investment Disputes ("ICSID") constituted by the ICSID Convention. On page 139 of the Award, at ¶¶ 2-3, the Tribunal awards to Sempra a pecuniary payment in the principal amount of $128,250,462, together with pre-Award interest thereon "at the six month successive LIBOR rate plus 2 percent for each year, or proportion thereof, beginning on January 1, 2002 until the date of the Award." The Award was rendered on September 28, 2007, making a total Award amount, principal and pre-Award interest, of $173,138,123.70.[1]

3. Applying this pre-Award interest rate to the aforementioned principal amount of the Award from January 1, 2002 up to and including September 28, 2007 results in a calculation of pre-Award interest, post-Award pre-judgment interest and total judgment as follows, depending on the date of actual entry of judgment (see details on Exhibit "3"):

| Date of Judgment Entry | Pre-Award Interest | Pre-Judgment Interest | Total Judgment Amount |
| --- | --- | --- | --- |
| November 14, 2007 | $ 173,138,123.70 | $1,386,550.69 | $174,524,674.39 |
| November 15, 2007 | $ 173,138,123.70 | $1,415,01979 | $174,553,143.49 |
| November 16, 2007 | $ 173,138,123.70 | $1,443,488.89 | $174,581,612.59 |
| November 19, 2007 | $ 173,138,123.70 | $1,531,005.02 | $174,669,128.72 |
| November 20, 2007 | $ 173,138,123.70 | $1,559474.13 | $174,697,597.83 |

---

[1] *See* Sempra's letter of October 18, 2007 attached as Exhibit "2".

4. The act to enable recognition and enforcement of ICSID awards by United States District Courts, Public Law 89-532 enacted on August 11, 1966 and codified at 22 U.S.C. § 1650a, provides that:

> Sec. 3. (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States (including the courts enumerated in title 28, United States Code, section 460) shall have exclusive jurisdiction over actions and proceedings under paragraph (a) this section, regardless of the amount in controversy..

5. Article 54 of the ICSID Convention likewise provides as follows:

> 1. Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.
>
> 2. A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.
>
> 3. Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

6. By virtue of the quoted provisions of the Convention, as enabled in the United States by 22 U.S.C. §1650a, Sempra is entitled to recognition and enforcement of the annexed Award by its entry as a judgment of this District Court.

7. The Award, at page 139, ¶ 2, provides for Argentina's pecuniary obligations to be increased by the amount of any "pending payments" which Argentina fails to pay. Accordingly, affiant requests leave to supplement any judgment entered hereupon to the extent of any unpaid "pending payments." Affiant will submit a motion to supplement the judgment with a supporting affidavit to the extent that may become necessary.

8. Affiant is unaware of the existence of any ruling, order, decree or stay prohibiting entry of judgment on the Award, and indeed believes that no such any ruling, order, decree or stay has been issued by any tribunal or court. No prior application for this or similar relief has been made to this District Court.

WHEREFORE, Arbitration Award Creditor Sempra requests that the pecuniary obligations of the annexed Award be recognized and enforced by entry of a monetary judgment of this Court in favor of Sempra and against Arbitration Award Debtor Argentina "as if the Award were a final judgment of a court of general jurisdiction of one of the several States."

_____
C. MacNeil Mitchell

Sworn to before me this
14th day of November, 2007

_____
Notary Public

ALAN WALZ
Notary Public, State of New York
No. 01WA4836662
Qualified in Queens County
Certificate Filed in New York County
Commission Expires May 31, 2011